IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHASIN RENTERIA,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Defendant. | 8:20CV166<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant's motion for summary judgment (Filing 33). For the reasons discussed below, the court concludes the motion should be granted and Plaintiff's action should be dismissed without prejudice.

BACKGROUND

Plaintiff, Chasin Renteria ("Renteria"), was incarcerated at the Omaha Correctional Center ("OCC") when he commenced this action on April 30, 2020. Defendant, Nebraska Department of Correctional Services ("NDCS"), has presented evidence in support of its motion for summary judgment which shows Renteria was paroled and released from NDCS custody on February 1, 2021 (Filing 34-7, ¶ 5).[1]

The court conducted an initial review of Renteria's Amended Complaint (Filing 8) under 28 U.S.C. §§ 1915(e)(2) and 1915A and, in a Memorandum and Order entered on June 22, 2020 (Filing 10), determined that the case could proceed to service of process. Liberally construing Renteria's pro se pleadings, he is asserting

---

[1] NDCS served Renteria with copies of the motion for summary judgment, evidentiary material, and supporting brief at the Community Corrections Center-Omaha, on July 23, 2021, and the court also used this mailing address to send Renteria a copy of an order giving him until September 21, 2021, to respond to the motion. (See Filings 32, 39.) NDCS online Incarceration Records show he is still housed there. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html.

two types of discrimination claims against NDCS under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12131 *et seq.*

Renteria first claims that NDCS failed to accommodate his alleged disability during a 2-week period, from March 14, 2020, to March 27, 2020, when he was confined at the Nebraska State Penitentiary ("NSP") pending an investigation into an incident that occurred a OCC. Renteria complains he was placed in a cell in the segregation unit which was accessible only by stairs and did not have a handicap-accessible toilet or shower. Renteria alleges he was forced to crawl up the stairs while handcuffed and shackled, and that he was injured after twice falling in the shower. Secondly, Renteria claims he was not allowed to play softball with other inmates at OCC because of his disability.

NDCS filed its motion for summary judgment (Filing 33) on July 23, 2021. NDCS argues that Renteria failed to comply the exhaustion-of-administrative-remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[2]

Under our local rules, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1). Renteria has not responded to the motion for summary judgment, so NDCS's statement of undisputed material facts (Filing 37 at 3-13) is deemed admitted.

## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is

---

[2] NDCS also argues that Renteria cannot recover compensatory damages because he cannot show he suffered any physical injury, *see* 42 U.S.C. § 1997e(e). The court finds it unnecessary to reach this issue.

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *See Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial. *See Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).

The moving party bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

DISCUSSION

Inmates cannot bring an action regarding prison conditions under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[3] "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). "In *Randolph v. Rogers,* 253 F.3d 342, 348 n. 11 (8th Cir.

---

[3] The status of the plaintiff at the time of filing suit determines whether the individual is a "prisoner" for purposes of the PLRA. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (basing "prisoner" analysis on whether plaintiff was in prison when he filed his complaint*)*.

2001), our Court of Appeals declined to consider, as waived on appeal, the State defendants' claim that the PLRA required exhaustion for claims brought under the ADA. However, other Circuits, which have considered whether the PLRA requires that a prisoner first exhaust his administrative remedies before filing a claim under the ADA, have found that the exhaustion requirement applies." *Jackson v. Fed. Bureau of Prisons*, No. CIV. 06-1347 MJD/RLE, 2007 WL 843839, at *19 (D. Minn. Mar. 16, 2007) (citing cases); *see also Brown v. Busby*, No. 3:09CV00114 WRW/JTR, 2010 WL 3655661, at *2 n. 4 (E.D. Ark. Aug. 26, 2010) ("[I]t is clear that the PLRA's exhaustion requirement also applies to a prisoner's ADA claim.") *report and recommendation adopted*, 2010 WL 3655652 (E.D. Ark. Sept. 8, 2010); *Wright v. Missouri*, No. 06-4201-CV-C-NKL, 2008 WL 151368, at *2 (W.D. Mo. Jan. 7, 2008) ("Cases in the Eighth Circuit treat exhaustion of a prisoner's claims as mandatory, even when such claims are brought under the ADA."), *report and recommendation adopted*, 2008 WL 508668 (W.D. Mo. Feb. 21, 2008).

The PLRA requires "proper exhaustion," meaning an inmate must comply with prison grievance policy deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006). To properly exhaust, the grievance must raise the specific issue addressed in the federal claim. *See Muhammad v. Mayfield*, 933 F.3d 993, 1002-03 (8th Cir. 2019). Where a prisoner fails to exhaust administrative remedies prior to bringing an action, dismissal without prejudice is mandatory. *Porter v Sturm,* 781 F.3d 448 (8th Cir. 2015).

"[F]ailure to exhaust is an affirmative defense" and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910 (2007). Unless a failure to exhaust is clear on the face of the complaint, the defense must be raised in a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and defendants must produce evidence proving failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied sub nom., Scott v. Albino*, 135 S. Ct. 403 (2014). A defendant is entitled to summary judgment if "undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." *Id.* "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170. Here, NDCS's undisputed evidence shows that Renteria failed to exhaust his disparate treatment and failure-to-accommodate claims.

To exhaust administrative remedies related to disability accommodations, inmates must make a request for an accommodation to the NDCS ADA Coordinator and be denied. Filing 34-1; Filing 34-3 at 4-5. Renteria never contacted the ADA Coordinator to request any accommodation for his disability. Nor is there any evidence that Renteria contacted another staff member in writing or by email to request accommodation regarding the conditions at NSP. Filing 34-1 at 3, ¶ 12.[4]

If an NDCS inmate believes he or she has been subject to disability discrimination or has been denied accessibility to an activity, service, or program, exhaustion of administrative remedies prior to filing suit requires the use of the general NDCS grievance process. Filing 34-1 at 2, ¶ 8. This rule applies to Renteria's disability disparate treatment claim regarding his alleged inability to play softball at OCC. Renteria did not even complete even an Informal Grievance Form related to the disparate treatment he alleges in this suit.[5] Even if the only thing Renteria had to do to exhaust this claim was to write a complaint to the NDCS ADA Coordinator, he failed to take that action as well. (Filing 34-1 at 3, ¶ 12.)

## CONCLUSION

The court finds there is no genuine dispute as to any material fact and NDCS is entitled to judgment as a matter of law.

Accordingly,

---

[4] Renteria filed an Informal Grievance on February 23, 2020, complaining that he was not allowed to return from the exercise yard to his housing unit at OCC to use the handicapped accessible restroom; staff responded on March 3, 2020, that he would be allowed access in the future. (Filing 34-1 at 3, ¶ 11; Filing 34-16.) The ADA Coordinator also wrote a letter on March 4, 2020, informing Renteria of the accommodation and asking Renteria to let him know if there were any other issues or concerns regarding access to facilities and services. (Filing 34-1 at 3, ¶ 12; Filing 34-6; Filing 34-7.)

[5] Renteria did file two Informal Grievances at NDCS's Diagnostic and Evaluation Center ("DEC"), the first on May 22, 2019, when he was not escorted up to the medical unit in a wheelchair in order to shower, and the second on June 19, 2019, when his wheelchair had a flat tire; both grievances received responses. (Filing 34-14; Filing 34-15.)

IT IS ORDERED:

1. Defendant's motion for summary judgment (Filing 33) is granted.

2. Plaintiff's action is dismissed without prejudice.

3. Judgment will be entered by separate document.

Dated this 4th day of October 2021.

                                          BY THE COURT:

                                          *Richard G. Kopf*

                                          Richard G. Kopf
                                          Senior United States District Judge